### CLARK v. TIBBETTS et al.

District Court, S. D., New York.

July 11, 1947.

John F. X. McGohey, U. S. Atty., and David McKibbin, Asst. U. S. Atty., both of New York City, John F. Sonnett, Asst. U. S. Atty. Gen., Harry LeRoy Jones and Albert Parker, Sp. Assts. to Atty. Gen. and Elmer J. Kelsey, of New York City, for plaintiff.

Tibbetts, Lewis, Lazo & Welch, of New York City (Murray D. Welch and George A. Dickinson, both of New York City, of counsel), for defendants Tibbetts and Lewis.

Nathaniel L. Goldstein, Atty. Gen. of New York, and Corning G. McKennee, Asst. Atty. Gen., as the statutory representative of the unknown beneficiaries of gifts and trusts for educational, religious, charitable and benevolent uses and purposes.

CAFFEY, District Judge.

Since my opinion was rendered, Tom C. Clark, United States Attorney General, has been substituted as plaintiff herein for James E. Markham, Alien Property Custodian of the United States. Plaintiff now suggests that the judgment, which I directed to be entered and which has now been submitted for my signature should be modified by eliminating therefrom the following paragraph, viz.:

"(6) that Harland B. Tibbetts having died without exercising the powers conferred upon him by the said agreement, its execution devolved upon such person as may be appointed by the Supreme Court of the State of New York."

He also suggests that no reference to the Supreme Court should be contained in the judgment but that it should contain merely a provision that Florence G. Tibbetts, as executrix of Harland B. Tibbetts, shall after appropriate administration in the Surrogate's Court of Kings County, transfer and deliver to plaintiff the property impressed with the constructive trust, thus doing away with any execution of the trust by the Supreme Court.

The argument of plaintiff's counsel, if I understand it correctly, is that the New York Statutes (Section 111 of the Real Property Law, Consol.Laws, c. 50, and Section 20 of the Personal Property Law, Consol.Laws c. 41), which provide that upon the death of the sole surviving trustee the trust, if unexecuted, shall vest in the Supreme Court, relate to active express trusts only and do not apply to "constructive trusts impressed by a court to prevent what otherwise would be unjust enrichment or fraud," that the trust created by the 1932 agreement never came into being and can never be created or executed, and that, therefore, the only trust here capable of execution is a constructive trust.

█ Careful consideration has been given to the argument of plaintiff's counsel and my previous opinion and the authorities have been re-examined. In consequence, I have come to the conclusion that I was mistaken in holding, as in effect I did, that·an express trust and not a constructive trust arose under the 1932 agreement upon the death of Mrs. Taylor. If the agreement had come into actual operation prior to Mrs. Taylor's death, there would have been an express trust. But, by the very terms of the agreement, the trust was not to come into existence, and could not come into existence, until her death. The agreement was, therefore, in the nature of a testamentary disposition and Mr. Tibbetts received the property devised and bequeathed to him in Mrs. Taylor's will upon a constructive trust to hold and dispose of the same in accordance with the provisions of the agreement and not upon an express trust. Section 111 of the Real Property Law and Section 20 of the Personal Property Law have, therefore, no application here. This conclusion is in accord with Section 55 of the Restatement of the Law of Trusts which provides that

"Where a testator devises or bequeaths property to a person in reliance upon his agreement to hold the property in trust, the devisee or legatee holds the property upon a constructive trust for the person for whom he agreed to hold it."

See, also, the quotation in my opinion from the Amherst College case, 151 N.Y. 282, 45 N.E. 876, 37 L.R.A. 305.

█ As Mr. Tibbetts held the property upon a constructive trust, Mrs. Tibbetts, if she should receive it as the executrix of her husband, will also hold it upon the same constructive trust. Otherwise, she would be unjustly enriched and cannot, in good conscience, retain it. Beatty v. Guggenheim Exploration Co., 225 N.Y. 380, 386, 122 N.E. 378.

The decree distributing Mrs. Taylor's estate would provide, in the usual situation, that the devises and bequests to Mr. Tibbetts be paid to Mrs. Tibbetts, as his legal representative. But it may well be that, under the circumstances here, the Surrogate may feel that he has the power to direct payment directly to the plaintiff, if the facts as to the vesting orders are brought to his attention. It would seem that to direct payment to Mrs. Tibbetts, as his legal representative, when she has no right to retain the property but must immediately turn it over to plaintiff, and especially when, in her affidavit submitted to the Surrogate upon the petition for a construction of the will of Mrs. Taylor, she specifically waived "any and all right to claim any of such legacies," would be unnecessary and only an idle ceremony. But that is a matter for the Surrogate, and not this court, to decide.

My reconsideration of the matter does not result in any change in my decision as to the rights of the parties to this litigation; it affects only the reasoning and the procedure by which plaintiff is to obtain the property. It does, however, require that there should be changes in the judgment to be entered from those which I had directed, I have, therefore, drafted the form of a new judgment, a copy of which I am sending to each of the attorneys for criticism and suggestions, upon receipt whereof I will sign it, with any changes then deemed necessary.